In re John C. SHELTON and Sue Ann Shelton, Debtors.

RIPLEY COUNTY STATE
BANK, Plaintiff,

v.

John C. SHELTON and Sue Ann
Shelton, Defendants.

Bankruptcy No. 83–00322(SE).
Adv. No. 84–0025(SE).

United States Bankruptcy Court,
E.D. Missouri,
Southeastern Division.

Sept. 5, 1984.

L. Dwayne Hackworth, Piedmont, Mo., for plaintiff.

Karen J. Miller, Poplar Bluff, Mo., for Sue Ann Shelton.

## MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

At issue before this Court is the Motion to Dismiss filed on behalf of Defendant, Sue Ann Shelton.

The complaint filed herein essentially alleges that the two defendants, with the intent to deceive, obtained a loan from Plaintiff by a use of a materially false financial statement and, therefore, the loan

should be determined to be non-dischargeable under 11 U.S.C. 523(a)(2)(B).

Defendant, Sue Ann Shelton, in her Motion to Dismiss asserts that the complaint does not state a claim against her upon which relief can be granted because there is no allegation in the complaint that she signed or gave any financial statement to Plaintiff.

11 U.S.C. 523(a)(2)(B) provides:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for obtaining money, property, services, or an extension, renewal, or refinance of credit by—

(B) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for obtaining such money, property, services, or credit reasonably relied;  and

(iv) that the debtor caused to be made or published with intent to deceive;

There is no requirement that a debtor sign the financial statement in question. This section only requires that the debtor "cause (the financial statement) to be made or published with the intent to deceive".

The complaint does allege in its paragraph six that "said representations were made by Defendant-Debtors with the intent to deceive." While this allegation does not quote the above statutory language verbatim, such an allegation of facts is reasonably inferable therefrom and, thus, the complaint should not be dismissed, *see Bramlet v. Wilson*, 495 F.2d 714 (8th Cir.1974).

However, Rule 9(b) of the Federal Rules of Civil Procedure, as made applicable in bankruptcy matters by Bankruptcy Rule 7009, states:

(b) *Fraud, Mistake, Condition of the Mind.* In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. . . .

Here, although Plaintiff alleges that Defendant, Sue Ann Shelton, "made" a false financial statement, it should be required to state the basis of this allegation in more detail since it does appear from the pleadings that the defendant did not sign the financial statement in question.

Although this defendant does not request a more definite statement, the interests of judicial economy require that her motion be treated as such.

The Court will by separate order require Plaintiff to amend its complaint to allege how Defendant, Sue Ann Shelton, "caused" the alleged false financial statement to be made.