In re Stephen O'Neal LOWERY, a/k/a Stephen O. Lowery and Valerie Jean Lowery, a/k/a Valerie J. Lowery, Debtors.

ITT FINANCIAL SERVICES,
INC., Plaintiff,

v.

Valerie Jean LOWERY, a/k/a Valerie
J. Lowery, Defendant.

Bankruptcy No. 86–1055–BKC–3P7.
Adv. No. 86–353.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Oct. 9, 1987.

Marshall W. Liptak, Jacksonville, Fla., for defendant.

Thomas Lobello, Jacksonville, Fla., for plaintiff.

## MEMORANDUM OPINION

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding seeks an exception to discharge pursuant to 11 U.S.C. § 523(a)(2).

### The Facts

In February, 1986, defendant and husband financed some transmission repairs on a motor vehicle. The transmission shop arranged financing through ITT Financial Services, Inc. The loan information was taken by telephone. The original loan was for ninety days. At the end of that term, Mr. and Mrs. Lowery went to plaintiff's office to apply for a payment plan to repay the original loan. A complete application was taken, a credit report was ordered, and the loan documents were signed by both debtors. In August, 1986, Mrs. Lowery received "a guaranteed $2,000.00 loan certificate" made out to her in her former married name, Valerie J. Carrico. Upon receipt of the certificate, she telephoned the plaintiff's office to determine whether she still qualified for the loan because her married name was now Lowery. Assured that she still qualified, defendant made an appointment to meet with the loan officer on the following Friday. The back of the certificate which was mailed to the defendant contained a number of statements including a condition that "present customers are ineligible for this offer."

At the appointed time, defendant went to plaintiff's office, answered the questions of the loan officer, and signed an application for a loan in her married name. The loan was approved and she received the proceeds in the amount of $2,014.77.

### The Issues

1. Plaintiff contends that defendant's presentation of the loan certificate and her failure to disclose the fact that she and her husband had a pending loan with the plaintiff constitutes false pretenses, false representation, or actual fraud within the meaning of 11 U.S.C. § 523(a)(2)(A).

2. Alternatively, the plaintiff asserts that the submission of the application without revealing the earlier loan constitutes the use of a materially false written statement within the meaning of § 523(a)(2)(B). Therefore, plaintiff argues that the $2,000.00 loan made in August, 1986, is nondischargeable.

### Findings of Fact and Conclusions of Law

1. As to subsection (A) of § 523(a)(2), plaintiff has not established that the debtors were guilty of obtaining credit on the basis of actual fraud. Instead, the facts show that the presentation of the certificate and loan application relate primarily to the financial condition of the defendant and to the existence of the ongoing loan arrangement between the plaintiff and the debtors. Accordingly, plaintiff has not presented any grounds under subsection (A) upon which the debt could be held non-dischargeable.

2. As to subsection (B), plaintiff's argument is twofold. First, plaintiff

suggests that presentation of the guaranteed loan certificate received in the mail by defendant constitutes the use of a statement in writing. The defendant did not sign the certificate and testified without contradiction that she neither read the conditions of the back of the certificate nor understood their meaning. Furthermore, there is no indication that anyone at the plaintiff's office had ever read them to her or explained the conditions of the guaranteed loan certificate to her. Under these circumstances, the Court finds that the guaranteed loan certificate does not constitute the use of a statement in writing under § 523(a)(2)(B). Secondly, plaintiff argues that the defendant's signature on the loan application qualifies as a statement in writing within the meaning of § 523. The Court agrees that the signed loan application, although not filled out by the defendant, constitutes the use of a statement in writing when signed by defendant. However, to render the debt nondischargeable, the Court must find that the statement in writing is:

(i) materially false;

(ii) in respect to the debtor's financial condition;

(iii) on which the creditor to whom the debtor is liable such money, property, or services reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive.

11 U.S.C. § 523(a)(2)(B). The defendant has testified that every item of information contained on the loan application is true and correct. The plaintiff does not dispute this but argues that the statement is fraudulent and materially false in that it does not contain all of the debts and obligations of the defendant. The testimony is uncontradicted and supported by witnesses for both sides that the loan application was completed by the plaintiff's loan officer, utilizing information provided by defendant. The form does not list a question or statement directing the applicant to list all of his or her debts and obligations. The signature block does not contain an affirmation that the applicant has listed all of his or her outstanding debts or obligations. The signature block thus merely confirms that the information contained in the loan application is true and correct. Defendant testified without contradiction that no one ever asked her to explain or list each and every obligation for her and/or her husband. Defendant was not asked whether she had any outstanding or present loans with ITT Financial Services nor does this question appear on the loan application. The Court must find the loan application is not materially false.

It is obvious that the loan application relates to the debtor's financial condition, and the Court has no difficulty finding that the second element of a § 523(a)(2)(B) claim has been satisfied by the plaintiff.

However, in order to satisfy the third element, the plaintiff must have reasonably relied on the financial statement in making the decision to loan the money or extend the credit to the defendant. This is the area of greatest conflict between the parties. The record shows that the plaintiff made no preliminary investigation or screening prior to mailing out the loan certificates. The mailing list was simply purchased from another lending institution. Moreover, the lending policy of the plaintiff at the time did not require any credit check. The plaintiff also failed to check its own records to ascertain whether the defendant was a present customer. Plaintiff admits having the necessary terminal within its office to facilitate such a credit check.

In sum, the plaintiff has failed to show any effort whatsoever to utilize its resources or opportunities to verify the truth or falsity of the application. On the contrary, this Court finds that the policy of mass mailing "guaranteed loan certificates" without having any previous screening or credit check infers to the recipient of such certificate that their credit is acceptable to the plaintiff. Plaintiff's business decision to follow this course or policy in seeking customers invites those customers to present themselves "as is" with respect to their financial situation. The application process and form selected by plaintiff for this program, from which protective language is conspicuously absent, appears designed not to ferret out and determine the extent and quality of the applicant's credit worthiness, but merely to expedite the process of converting the applicant into a cus-

tomer as quickly as possible. Accordingly, under the circumstances of this case, the Court cannot find that creditor reasonably relied upon the presence or absence of credit information in the written loan application.

 In addition to satisfying the above three elements, the plaintiff must prove that the debtor made or published the written statement with the intention to deceive. The record is totally devoid of any evidence that the defendant intended to deceive or misrepresent any facts to the lender. The individual who filled out and accepted the loan application of defendant was the same person who, a few months earlier had interviwed, checked the credit of, and approved the loan application for Mrs. Lowery and her husband on the transmission repair loan. Defendant could have utilized her former name as it appeared on the loan certificate, but freely and voluntarily disclosed her new married name. This would show that deception was not intended. Based on all the evidence, the Court cannot find an intent to deceive.

The Court finds that the loan made by plaintiff to defendant on August 15, 1986, is a dischargeable debt. A separate Final Judgment will be entered accordingly.