In re Van PRICE, Jr., Debtor.

OLD KENT BANK–CHICAGO (formerly known as Unibanctrust Company), an Illinois Banking Association, Plaintiff,

v.

Van PRICE, Jr., Defendant.

Bankruptcy No. 88 B 19477.
Adv. No. 89 A 830.

United States Bankruptcy Court,
N.D. Illinois, E.D.

Jan. 18, 1991.

Joel A. Stein, Laser, Schostok, Kolman & Frank, Chicago, Ill., for plaintiff.

Phillip D. Levey, Chicago, Ill., for debtor, defendant.

## MEMORANDUM AND ORDER

THOMAS W. JAMES, Bankruptcy Judge.

Van Price, Jr., debtor, defendant, has moved to dismiss the third amended complaint of Old Kent Bank–Chicago, plaintiff, for Old Kent's failure to state averments of fraud with sufficient particularity as required by Fed.R.Civ.P. 9(b) [Fed.R. Bankr.P. 7009] and for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6) [Fed.R.Bankr.P. 7012]. The court agrees that the complaint's allegations do not state causes of action for a debt to be dischargeable on account of a false financial statement [11 U.S.C. § 523(a)(2)(B)] and on account of a willful and malicious injury [11 U.S.C. § 523(a)(6)]. The court does conclude that certain allegations in the complaint do state with sufficient particularity a cause of action on account of fraud [11 U.S.C. § 523(a)(2)(A)].

In determining Price's motion to dismiss this court must presume that the following factual allegations are true as to all the counts of the third amended complaint.

Price was president and principal owner of Capital Mortgage Funding Corporation, an Illinois corporation engaged in the business of making residential mortgage loans and reselling such loans to investors such as the Federal National Mortgage Association or the Government National Mortgage Association and thereafter servicing such mortgage loans on behalf of the investor.

To facilitate Capital's business Capital and Old Kent, an Illinois banking association formerly known as Unibanctrust Company, on or about April 5, 1988, entered into the following agreements:

(a) Warehouse Credit Agreement,

(b) Secured Revolving Promissory Note, and

(c) Pledge and Security Agreement.

In addition, on April 15, 1988, Price executed and delivered a certain guaranty in which he personally guaranteed payment of all Capital's obligations arising under the loan agreements. Pursuant to these loan agreements, Old Kent provided Capital with a line of credit in the amount of $1.5 million to provide interim funding of mortgage loans made by Capital. As of the date of the filing of Price's bankruptcy petition, December 15, 1988, $899,-013.60 was owed under the loan agreements and guaranty.

On or about November 8, 1988, Price, individually and as president of Capital, requested Old Kent to advance the sum of $255,000 pursuant to the loan agreements to provide interim funding of a $255,000 mortgage loan by Capital to a James Clark. In connection with such advance, Price, individually and as an officer of Capital, represented that:

> (a) the Clark loan was being advanced to enable Clark to purchase certain residential real estate located at 46 Lake Street, Oak Park, Illinois;

> (b) that Clark had executed a note dated October 6, 1988, and a mortgage dated November 9, 1988; and

> (c) that the Clark loan was being sold to Federal National Mortgage Association and that plaintiff's advance to fund the Clark loan would be repaid upon completion of the sale.

To further secure the obligation to repay this advance, Price, individually and as agent for Capital, assigned to Old Kent all of Capital's right, title and interest in and to the Clark note and mortgage. At the time Price made the assignments of the Clark note and mortgage Price knew that:

> (a) Clark had not executed the Clark note and mortgage; and

> (b) Clark was dead at the time Clark's signature was affixed to the Clark note and mortgage.

Price individually and as agent of Capital caused the assigned Clark note and mort-gage to be delivered to Old Kent with the intent to deceive Old Kent.

On or about November 9, 1988, pursuant to the terms of the loan agreements and at the request of Price, individually and as an officer of Capital, Old Kent advanced the sum of $255,000 to Capital to fund the Clark loan by a cashier's check payable to Chicago Home Title Services, Inc., a company Price owned. Old Kent delivered the check to Chicago Home Title as escrowee, to facilitate the closing of the Clark loan and contingent upon Capital closing the transaction and obtaining a good and valid mortgage lien on the Lake premises. This check was deposited in Chicago Home Title Services, Inc.'s account at Exchange National Bank of Chicago and was negotiated through ordinary banking channels and was paid by Old Kent.

On or about December 9, 1988, Old Kent learned that:

> (a) Price had recently pleaded guilty to a federal criminal information relating to prior fraudulent mortgage backing transactions; and

> (b) On or about October 6, 1988, Price, individually and as agent of Capital, had sold a note and mortgage purportedly executed by Clark on October 6, 1988, to the Federal National Mortgage Association.

The Clark loan and specifically the Clark mortgage and Clark note were fictitious and fraudulent in the following respects:

> (a) Clark died on March 27, 1987, one and one-half years before the purported execution of the note and mortgage on October 6, 1988;

> (b) In October 1988, and at all times relevant the American National Bank and Trust Company under Trust No. 65124 and Mary Thomson were the legal and beneficial owners of the Lake premises, the property for which Clark purportedly obtained mortgages from Capital in the amount of $255,000; and

> (c) Clark had sold the Lake premises to Mary Thomson approximately two or three years prior to October of 1988.

As to counts III and IV the court must presume that the following additional factual allegations are true.

On or about November 9, 1988, pursuant to the terms of the loan agreements and guaranty, Price, individually and as president of Capital, requested Old Kent to advance the sum of $48,000 to provide interim funding of a $48,000 mortgage loan by Capital to Norman Adams and Janet Adamzewski. On or about November 9, 1988, Old Kent actually advanced $48,000 to Capital to fund the Adams loan and the line of credit account established pursuant to the loan agreement was debited $48,000.

On or about November 11, 1988, pursuant to the terms of the loan agreements and guaranty, Price individually and as president of Capital, requested Old Kent to advance the sum of $60,600 to provide interim funding of a $60,600 mortgage loan by Capital to Gerald W. Morgan. On or about November 11, 1988, Old Kent actually advanced $60,600 to Capital to fund the Morgan loan and the line of credit account established pursuant to the loan agreements was debited $60,600. Old Kent would not have advanced under the loan agreements the $108,600 to Capital, which funds were used by Capital to fund the Adams loan on November 9, 1988, and the Morgan loan on November 11, 1988, if Old Kent had known that Price's representations regarding the Clark loan were false and fraudulent.

■ There is no doubt that Old Kent has not stated causes of action under Code § 523(a)(2)(B) for at no time did Price submit a statement in writing respecting his financial condition or that of Capital. Section 523(a)(2)(B) pertains to the so-called false financial statement and no more. A statement in writing respecting an entity's financial condition must be sufficient to determine financial responsibility. Typically, for businesses these are balance sheets, income statements and statements of changes in financial positions. For individuals, statements of income and expenses or schedules of assets and liabilities. All these require monetary figures so that the entity evaluating the other's responsibility

can determine whether there is a surplus of assets over liabilities or income over expenses. For businesses, the evaluation determines the business's ability to operate at a profit or to pay additional debt. For individuals, the person's ability to pay additional debt. Any statement that does not provide such information may not be deemed a statement respecting financial condition.

Old Kent urges that the Clark note and mortgage that Price submitted are statements in writing concerning Price's or Capital's financial condition and thus meet the false financial statement requirement. These papers are not by any stretch of the court's definition, statements respecting Price's or Capital's financial condition. The court concludes that Old Kent has not alleged causes of action under 11 U.S.C. § 523(a)(2)(B).

■ The court is also of the opinion that Old Kent has failed to allege causes of action under 11 U.S.C. § 523(a)(6). Actions for willful and malicious injury are those brought to protect a person and his property from intentional and unpermitted contacts such as assault or the apprehension of intentional or unpermitted contacts such as battery. There are no such allegations in this adversary proceeding. Actions for fraud are those brought to protect the intangible economic interests of those who are induced by mistake to enter bargaining transactions or business dealings as consequences of the frauds or misrepresentations of others. There are such allegations here.

■ Each Code § 523(a) dischargeability action is exclusive of the others. Congress has provided particularized causes of action to determine the dischargeability of certain alleged debts. To permit willful and malicious to include fraud is an impermissible reading of these provisions. The court must construe these subsections as well as all Code § 523(a) subsections narrowly in order to give a debtor the benefit of a discharge.

■ The elements of fraud that the defendant made false statements of material facts, knowing that they were false and intending that a plaintiff rely on them;

that plaintiff did rely; that this reliance was justified; and that plaintiff suffered damage as a result do not include that essential element of a willful and malicious injury action that there be a physical invasion of the plaintiff or his property or the apprehension of a physical invasion.

 The court does conclude that Old Kent has stated a cause of action to recovery from Price under 11 U.S.C. § 523(a)(2)(A). Old Kent extended a line of credit to Capital, under which line Old Kent made a series of loans to Capital. The allegations in paragraphs 1 to 17 state that Price schemed to defraud Old Kent by making materially false representations that Price knew to be false with the intent that Old Kent act upon them to advance moneys to Capital under Capital's line of credit and that Old Kent reasonably relied on these representations and as a result of such reliance Old Kent suffered the losses alleged. Schemes to defraud are causes of action included under 11 U.S.C. § 523(a)(2)(A).

It is therefore ordered that causes of action alleged in paragraph 19 of count I, in count II, in paragraph 23 of count III, and in count IV of the third amended complaint of Old Kent Bank–Chicago, plaintiff, are dismissed.