ROMWEBER, ADMR., *v.* MARTIN, EXRX., ET AL., APPELLANTS; WORKMAN, APPELLEE.

[Cite as Romweber v. Martin (1972), 30 Ohio St. 2d 25.]

(No. 71-630—Decided April 26, 1972.)

26

*Mr. Joseph F. Cook, Mr. Robert L. Culbertson* and *Mr. William T. Creme,* for appellants,
*Mr. Walter J. Vogel,* for appellee.

STERN, J. The question presented here is an interpretation of R. C. 2105.18.

Appellants contend that . (1) presumptions of legitimacy arising from the marriage of a man to a pregnant woman do not pertain to rights of inheritance and heirship and (2) that before such rights of inheritance accrue there must be an acknowledgment of paternity as provided for in R. C. 2105.18.* These contentions are contrary to the clear and unambiguous language and judicial interpretations of the statute. We affirm the decision of the Court of Appeals.

Prior to 1785, under the common law of England there could be no legitimation of bastards under any circumstances. In 1785, Virginia enacted a statute which, abandoning the common law of England, provided for legitimating bastards. In 1805, Ohio, adopting the Virginia statute, enacted (3 Ohio Laws 281) (see *Ives* v. *McNicoll* [1899], 59 Ohio St. 402, 414 *et seq.*) a statute which, without substantial change, now appears as the first paragraph of R. C. 2105.18. Thus, the entire first paragraph of R. C. 2105.18 has been in effect in this state since 1805. It is noteworthy that in 1953 the General Assembly amended R. C. 2105.18 by enacting a second paragraph without making a substantial change in the language of the first paragraph.

---

*"When a man has children by a woman and afterward intermarries with her, such issue, if acknowledged by him as his children, will be legitimate. The issue of parents whose marriage is null in law shall nevertheless be legitimate.

"The natural father of a child by a woman unmarried at the time of the birth of such child, may file an application in the Probate Court of the county wherein he resides or in the county in which such child resides, acknowledging that such child is his, and upon consent of the mother, or if she be deceased or incompetent, or has surrendered custody, upon the consent of the person or agency having custody of such child, or f a court having jurisdiction over the custody thereof, the Probate Court, if satisfied that the applicant is the natural father and that establishment of such relationship is for the best interest of such child, shall enter the finding of such fact upon its journal and thereafter such child shall be the child of the applicant as though born to him in lawful wedlock."

Appellants rely upon the first sentence in the first paragraph of R. C. 2105.18:

"When a man has children by a woman and *afterward* intermarries with her, such issue, if acknowledged by him as his children, will be legitimate." (Emphasis added.)

It is clear that this first sentence requires acknowledgment of the paternity of a child where intermarriage occurs *after* birth of the child.

The second paragraph of R. C. 2105.18 provides the method of acknowledgment of paternity by a natural father of a birth of a child to an *unmarried* woman.

In construing the statute, the tests to be applied are (1) whether Ernest Neale Workman, Jr., is, in fact, the father of appellee, and (2) were the parents of appellee married at the time of appellee's birth.

The record in this case does not disclose any refutation of the evidence made by appellee's mother that Ernest Neale Workman (1) had sexual relations with her prior to marriage, (2) that Workman knew she was pregnant at the time of marriage, (3) that Workman is the natural father of appellee, or (4) that appellee was born while the parents were married.

A man who marries a woman while she is pregnant, by such marriage stands *in loco parentis* to such child and is presumed in law to be the father of the child. *Miller* v. *Anderson* (1885), 43 Ohio St. 473.

Birth of a child born within lawful wedlock raises a presumption of the right to inherit property through the father. *LaRoche* v. *LaRoche* (1917), 10 Ohio App. 242.

R. C. 2105.18 provides the established standards governing the conveyance and inheritance of real and personal property, where the legitimacy of a child is established. *Garner* v. *B. F. Goodrich Co.* (1940), 136 Ohio St. 397, 401.

The record in this case establishes that (1) Ernest Neale Workman, Jr., is, in fact, the natural father of appellee, and (2) that appellee's parents intermarried before

his birth. Since appellee is legitimate, no formal acknowledgment of his birth by his natural father is required. That statute controls the descent and distribution of property of children born under the circumstances established in this case. Therefore, appellee is the heir of his natural father, and, as such, he inherits property through his father.

In the course of argument to this court, the question of the nullity of the marriage between appellee's parents was raised. Appellants conceded that the issue of parents, whose marriage is null in law, may nevertheless inherit (from and) through his father (R. C. 2105.18, second sentence of the first paragraph). The dissolution of the marriage changes the status of the mother, but not that of a child born *during* marriage. *Haworth* v. *Gill* (1876), 30 Ohio St. 627, 629.

We find no error in the judgment of the Court of Appeals that appellee is by statute, and under the facts of this case, the heir of his natural father and as such is the sole heir of decedent, Aileen Workman.

*Judgment affirmed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, CORRIGAN, LEACH and BROWN, JJ., concur.