ZAPERACH, APPELLEE, v. BEAVER, APPELLANT.

(No. 81AP-1032—Decided August 5, 1982.)

Mr. Michael Miller, prosecuting attorney, and Mr. William L. Peters, for appellee.

Mr. R. A. Mowbray, for appellant.

WHITESIDE, P.J. Defendant appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, and raises two assignments of error, as follows:

"1. The judgment is contrary to law.

"2. The judgment is against the manifest weight of the evidence."

This action seeking support of a minor child was commenced by plaintiff in the Court of Common Pleas of Beaver County, Pennsylvania, and transferred to the trial court, which assumed jurisdiction pursuant to the Uniform Reciprocal Enforcement of Support Act (R.C. Chapter 3115) since defendant is a resident of Franklin County. The matter proceeded to trial before a referee, whose report makes and recommends the following findings of fact:

"The parties were married in March of 1971. At the time of their marriage, the plaintiff was pregnant. The child of this pregnancy was born July 1, 1971. The defendant knew that the plaintiff was pregnant at the time of the marriage. Subsequent to the marriage, the plaintiff informed the defendant that she did not know who the father was. The parties then separated and a divorce ensued.

"The divorce proceedings were initiated by Charles Beaver, the defendant herein. The divorce complaint alleged that no children were born issue of this marriage. Rosalyn Zaperach, the defendant in the divorce proceedings and plaintiff herein was legally served with process in those proceedings. She did not make an appearance nor did she contest the divorce. On June 7, 1972, a final decree of the divorce was entered.

"Since the divorce the defendant, Charles Beaver, has not supported nor has he visited the child born July 1, 1971."

The referee further recommended that defendant was able to and should be required to pay $25 per week as child support for the minor child. Defendant filed objections to the referee's report contending that plaintiff was guilty of laches for

18

waiting nine years to seek support for the minor child and that the case of *Hall* v. *Rosen* (1977), 50 Ohio St. 2d 135 [4 O.O.3d 336], should not be followed because of criticism in a case note (apparently written by a law student) appearing in the Cincinnati Law Review criticizing the case and indicating that the view of *Hall* is followed only in Ohio and Iowa and violates "the modern requirements of the 14th Amendment of 'due process' "; whereas, other states adopt a different rule. The trial court failed to rule on the objections to the referee's report or to adopt that report but did enter judgment requiring defendant to pay child support without further findings or comment, from which judgment this appeal is taken.

Defendant's argument, as well as the discussion in the law journal article upon which he relies ([1978], 46 U.Cin.L.Rev. 1010), fails to take into serious account the important distinction between determination of parentage of a child and the imposition of liability upon a husband for support of children of his wife of whom he is not the father, namely, his stepchildren. By failing to make the distinction between the duty of support of one's own children and the duty of support of one's stepchildren, some of the authority relied upon by defendant is of little value. There is no doubt but that one has the duty to support his children. The issue properly raised by defendant is whether the child in question is his child. His duty to support rests entirely upon that determination.

The Supreme Court in *Hall, supra,* expressly held that a man who marries a woman knowing her to be pregnant is presumed in law to be the father of the child when it is born without formal acknowledgment. See, also, *Romweber* v. *Martin* (1972), 30 Ohio St. 2d 25 [59 O.O.2d 58], and *Miller* v. *Anderson* (1885), 43 Ohio St. 473. Cf. *Franklin* v. *Julian* (1972), 30 Ohio St. 2d 228 [59 O.O.2d 264]. As explained in *Hall,* the presumption of parentage is not predicated upon biological fact but upon a voluntary assumption by the husband of parentage under such circumstances that are tantamount to adoption of the child as his own, whether or not he in fact is the biological father. In other words, under the circumstances, the husband voluntarily assumes the burden of support for the child and either acknowledges parentage or adopts the child as his own by his act of marrying a woman whom he knows is pregnant with a child at the time.

Here, defendant does not deny that he is the biological father of the child but, instead, indicates only that, after he married the child's mother, she indicated that she was not certain that defendant was the father of the child, thereby indicating that another might be the biological father of the child. Nevertheless, the law of Ohio is clear, as is the law of most jurisdictions, although some permit the presumption of paternity to be rebutted. See Annotation, 57 A.L.R. 2d 729, and Annotation, 90 A.L.R. 3d 1032.

Defendant further contends that the trial court should have considered plaintiff's "admission" that no child was born of the marriage, which defendant contends arises from her failure to file an answer to his petition for divorce. There is no indication in the record that the court in the divorce case made an affirmative finding that no children were born of the marriage. Rather, all that appears of record is a statement that plaintiff made no appearance in the divorce action, and defendant was granted a divorce from plaintiff. While there is an indication that defendant alleged in his complaint for divorce that no children were born of the marriage, there is no evidence in the record that this issue was adjudicated and determined by the court in the divorce action. Accordingly, defendant relies upon what he claims is an admission that no children were born of the marriage. We find no merit to this contention. The judgment in the divorce action was by default for want of appearance of plaintiff. Failure to answer may constitute an "admission" of well pleaded facts in the complaint in that case; however, there is no

admission which can be utilized in other cases. Only if there is an express adjudication of an issue by the court in the original action, whether by default or trial, can the judgment in that action be utilized as establishing a matter as between the parties. Here, there is no evidence of an adjudication by the divorce court.

The same is true with respect to defendant's claim of laches. The fact that he has failed to fulfill his obligation to support his child for nine years does not confer upon him a right to continue to fail to support that child. Laches is predicated upon equity. Here, there is no change of position on the part of defendant to his own detriment as a result of inaction of plaintiff. Rather, defendant has benefited from the delay by not being required to pay support over a period of years. No detrimental reliance upon plaintiff's inaction has been demonstrated.

Although defendant contends that he had been denied due process upon the paternity issue, the record reflects to the contrary. Defendant had every opportunity to present evidence upon the issue of paternity but offered nothing except testimony that plaintiff at one time expressed uncertainty as to the paternity of the child. Defendant has proffered no evidence indicating that he is not the biological father of the child. Under Ohio law, not only is he presumed to be the father, but he also is presumed to have contractually consented to being considered the father of the child by marrying the mother at a time she was pregnant with the child. Although defendant contends that the marriage lasted only a few weeks because of the alleged misunderstanding as to paternity, he did not seek annulment of the marriage, but, instead, sought a divorce from plaintiff. Thus, his contractual commitment to accept or adopt the child as his own irrespective of the circumstances is enforceable. Neither assignment of error is well-taken, the judgment being neither contrary to law nor against the manifest weight of the evidence.

For the foregoing reasons, both assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is affirmed.

*Judgment affirmed.*

REILLY and NORRIS, JJ., concur.