## PATTERSON

v.

### TICE; State Farm Mutual Insurance Company, Appellee; Motorists Mutual Insurance Company, Appellant.

[Cite as *Patterson v. Tice* (1993), 91 Ohio App.3d 414.]

Court of Appeals of Ohio,
Tuscarawas County.

No. 93AP020010.

Decided Nov. 3, 1993.

*Douglas J. O'Meara,* for appellee.

*Ralph F. Dublikar* and *Carol A. Costa;* and *J. Kevin Lundholm,* for appellant.

---

GWIN, Presiding Judge.

Defendant, Motorists Mutual Insurance Company ("Motorists"), appeals from the judgment entered in the Tuscarawas County Court of Common Pleas finding Motorists was obligated to pay $50,000 to defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), pursuant to the latter's subrogation rights. Motorists assigns as error:

"I. The trial court committed prejudicial error in denying Motorists' demand for a jury trial regarding the factual issues in the case.

"II. The trial court erred in finding that Tice was a resident of his parents' household at the time of the accident, this finding being manifestly against the weight of evidence and contrary to law.

"III. The trial court erred in finding that Tice was the driver of the automobile involved in the subject accident, such finding being manifestly against the weight of the evidence and contrary to law."

## FACTS

On March 4, 1988, plaintiff-appellee Michelle D. Patterson filed a personal injury action against William Richard Tice, Jr. for personal injuries resulting from an automobile accident that occurred on January 7, 1987. Patterson alleged that she was a passenger in her own vehicle and that Tice's negligent operation of same proximately caused the accident and her injuries. On May 18, 1988, Tice admitted in his answer to the complaint that he was driving Patterson's automobile at the time of the accident.

On the date of the accident, Patterson was insured under an automobile liability insurance policy issued by State Farm. The State Farm policy had liability and uninsured/underinsured limits of $100,000. Although it was unclear whether Tice was insured under an automobile liability insurance policy, his parents, William R. Tice, Sr. and Cathy Louise Tice, were so insured through a policy issued by Motorists, with liability limits of $50,000.

Neither Tice nor his parents notified Motorists of the pending action or accident as required in the notice provisions of Motorists's policy. However, counsel for Michelle Patterson notified Motorists by letter dated June 30, 1989 of the pending lawsuit. The letter provided, in pertinent part:

"On March 4, 1988, a lawsuit was filed in the Tuscarawas County Court of Common Pleas against Mr. Tice, alleging negligence, carelessness, and recklessness. Said case is captioned Michelle D. Patterson, Plaintiff, -vs- William Richard Tice, Jr., Defendant, Case No. 88–CP–030078, Judge Harlan Spies. Mr. Tice evidently retained counsel to file an answer on his behalf. However, it appears that due to the failure to pay a retainer, said counsel withdrew as attorney for Mr. Tice. Upon our request, Mr. Tice recently provided this office with a copy of an insurance policy taken out by his father, William Tice, Sr. Said policy, which is with your company, provides for a Fifty Thousand Dollar ($50,000.00) liability provision. Further, said policy specifically defines an 'insured' as:

" '1. You or any family member for the ownership, maintenance or use of any auto or trailer.'

"Said policy goes on to define 'family member' as:

" 'A person related to you by blood, marriage, or adoption, who is a resident of your household. This includes a ward or foster child.'

"There is no question that defendant in this matter is the son of William Richard Tice, Sr. Further, William Richard Tice, Jr. (Rich) has verbally admitted to me, as well as to numerous others, that he was operating the motor vehicle at the time of the crash. Finally, recent depositions indicate to me that, for purposes of legal residency, Rich was residing in the home of his father at the

time of the accident. As such, it is our opinion that coverage does exist under the senior Mr. Tice's insurance policy with your insurance company.

"Please review this matter and get back to me at your earliest convenience. In the event that your company denies coverage herein, it would be necessary for this firm to file for a declaratory judgment on behalf of Miss Patterson, on the issue of coverage. Further, in the event that your company determines to contest coverage herein, it is our opinion that any such contention will be without reasonable justification. In any such event, we will consider bringing a legal action against your company for failing to act in good faith. (See *Staff Builders, Inc. v. Armstrong* [1988], 37 Ohio St.3d 298 [525 N.E.2d 783]).

"You will find enclosed copies of depositions conducted of William Richard Tice, Jr., William Richard Tice, Sr., and Cathy Tice.

"Your prompt attention to this matter is requested, as the case remains pending in the Tuscarawas County Court of Common Pleas. Given our impression that coverage is applicable in this situation, you may well wish to intervene in the matter immediately, as we feel you have an interest herein."

Motorists responded to the above correspondence by stating in a two-paragraph letter dated July 14, 1989 that "examination of this matter reveals that the defendant was not an insured of Motorists." No basis for this conclusion was offered.

On February 14, 1990, approximately seven and one-half months after Motorists had been notified of the pending lawsuit, a default judgment was entered against Tice in the amount of $400,000 for his failure to defend.

On January 31, 1991, Michelle Patterson filed an amended complaint, or supplemental petition, adding Motorists as a party defendant pursuant to R.C. 3929.06. That section provides:

"Upon the recovery of a final judgment against any firm, person, or corporation by any person, including administrators and executors, for loss or damage on account of bodily injury or death, for loss or damage to tangible or intangible property of any person, firm, or corporation, for loss or damage on account of loss or damage to tangible or intangible property of any person, firm, or corporation, or for loss or damage to a person on account of bodily injury to one's spouse or minor child or children, if the defendant in such action was insured against loss or damage at the time when the rights of action arose, the judgment creditor or the successor in interest is entitled to have the insurance money provided for in the contract of insurance between the insurance company and the defendant applied to the satisfaction of the judgment. If the judgment is not satisfied within thirty days after it is rendered, the judgment creditor or the successor in interest, to reach and apply the insurance money to the satisfaction of the judgment, may file

a supplemental petition in the action in which said judgment was rendered, in which the insurer is made new party defendant in said action, and whereon service of summons upon the insurer shall be made and returned as in the commencement of an action at law. Thereafter the action shall proceed as to the insurer as in an original action."

In its answer to the supplemental petition, Motorists admitted receiving the aforementioned correspondence from Michelle Patterson's counsel and its decision not to defend Tice. Motorists alleged that Tice was not an insured under its policy because he was not a resident of his parents' household on the date of the accident and he was *not* operating the motor vehicle when the accident occurred. Motorists timely requested that this matter be tried to a jury.

Michelle Patterson subsequently filed a second lawsuit against State Farm seeking coverage under her own uninsured/underinsured policy. Following its satisfaction of Michelle Patterson's uninsured/underinsured claim, State Farm was joined as a party-plaintiff in the supplemental proceedings against Motorists. Accordingly, State Farm became the real party in interest for the recovery of the available liability insurance from Motorists.

The trial court overruled Motorists's request that a jury determine the issues of whether Tice was a resident of his parents' household and the driver of the vehicle at the time the accident occurred. As above stated, the trial court determined Tice was an insured under the Motorists's policy because he was the driver of the automobile and was a resident of his parents' household at the time the accident occurred. Consequently, the trial court ordered the $50,000 limits of the Motorists's policy to be paid to State Farm as subrogee.

## I

Through its first assignment, Motorists maintains the trial court erred in overruling its demand for a jury trial regarding the factual issues of whether Tice was a resident of his parents' household at the time of the accident and whether he was the driver of the automobile involved in the subject accident. We disagree.

Section 5, Article I of the Ohio Constitution provides:

"The right of trial by jury shall be inviolate, except that, in civil cases, laws may be passed to authorize the rendering of a verdict by the concurrence of not less than three-fourths of the jury."

R.C. 2311.04 provides that a party may timely demand a jury trial in a civil action under the following circumstances:

"Issues of law must be tried by the court, unless referred as provided in the Rules of Civil Procedure. Issues of fact arising in actions for the recovery of money only, or specific, real or personal property, shall be tried by a jury, unless a jury trial is waived, or unless all parties consent to a reference under the Rules of Civil Procedure."

It is Motorists's position that Michelle Patterson's supplemental petition seeking to recover from Motorists the limits of its policy issued to the parents of Tice in partial satisfaction of her $400,000 judgment against Tice is in fact an action for the recovery of money and, therefore, any factual issues therein must be tried to a jury.

For the reasons that follow, we conclude that Michelle Patterson's supplemental petition filed pursuant to R.C. 3929.06 was an action only to determine if Motorists was obligated to pay its contractual limits of its liability insurance policy so to partially satisfy a judgment wherein the amount of damages had already been judicially ascertained. That is, it was not an action to recover money, but an action to determine Motorists's contractual obligations.

Motorists claims that it was not "bound by the entry of default against Mr. Tice because that judgment was rendered without ever actually litigating the factual issues." The logical explanation for this position would be that Motorists had no duty to defend its or Tice's interests in the original suit. Motorists claims its duty did not arise because its insureds, Tice and his parents, did not comply with the notice provisions of its policy which required them to notify Motorists of an accident and/or pending lawsuit. Furthermore, Motorists claims its duty to defend did not arise because of its own determination that Tice was not an insured under its policy.

Upon review of the record, we are of the opinion that once Motorists was notified by Michelle Patterson's counsel of the facts previously set forth in the above-quoted letter, Motorists waived the notice provisions of its policy and was required by law to intervene in the underlying action or otherwise judicially ascertain its duty to defend its interests or those of its insured. In making its own casual determination that it had no duty to defend Tice in the underlying action, Motorists became bound by the factual conclusions arising from the default judgment.

We support this decision with reference to a holding in the Ninth District Court of Appeals:

"[A]fter the casualty insurance company was seasonably notified of the accident by the attorney of the injured person, and after a casual investigation had disclaimed all liability for damages and further had disclaimed any duty to defend the action, such conduct on the part of the company constituted a waiver of a

strict compliance with the notice provisions in the policy * * *." *Costa v. Cox* (1958), 84 Ohio Law Abs. 338, 343, 171 N.E.2d 529, 534, affirmed in *Costa v. Cox* (1958), 168 Ohio St. 379, 155 N.E.2d 54.

See, also, *Howell v. Richardson* (1989), 45 Ohio St.3d 365, 544 N.E.2d 878, paragraph one of the syllabus:

"Where a determination is made in an initial action against a tortfeasor relative to his culpable mental state, collateral estoppel precludes relitigation of the determination in a subsequent proceeding brought against the tortfeasor's insurer pursuant to R.C. 3929.06."

In applying the law to facts now before us, Motorists is collaterally estopped from relitigating those factual issues that were determined in the original action against Tice. These factual issues include the determination of whether Tice was operating the motor vehicle at the time of the accident, whether Tice was negligent in the operation of the vehicle, whether such negligence was the proximate cause of Michelle Patterson's injuries, the extent of Michelle Patterson's injuries, and the amount of monetary damages sufficient to compensate Michelle Patterson for her injuries.

Accordingly, the present supplemental petition was not an action for the "recovery of money" and/or the ascertainment of damages, but was merely an action whereby Michelle Patterson sought a determination of Motorists's obligation to comply with the contractual terms of its policy issued to Tice's parents.

"[I]n an action whereby the insurer merely sought a determination of its obligations to the insured and sought the avoidance and cancellation of the policy as to the insured, and did not seek a decree relating to 'the recovery of money only,' the question was properly one for the court. It was further held to be the province of the court to ascertain the facts necessary to construe the contract and determine the obligations of the insurer. However, the right to trial by jury does exist in a declaratory judgment action which is between an insurer and the insured or the injured party, and which is for the recovery of money." *Erie Ins. Group v. Fisher* (1984), 15 Ohio St.3d 380, 382, 15 OBR 497, 499, 474 N.E.2d 320, 322; *Travelers Indemn. Co. v. Cochrane* (1951), 155 Ohio St. 305, 44 O.O. 302, 98 N.E.2d 840, paragraph one of the syllabus.

Therefore, the right to trial by jury does not exist in the present case and we overrule this first assignment.

## II

Through its second assignment, Motorists maintains the trial court's determination that Tice was a resident of his parents' household at the time of the accident was against the manifest weight of the evidence. We disagree.

■ It is well settled that judgments supported by some competent, credible evidence will not be reversed by an appellate court as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578. This rule of law is so stated to prevent a reviewing court from "second-guessing" the trier of fact on issues of credibility.

Here, the trial court, as finder of fact, made ten separate written findings of fact in support of its determination that Tice was a resident of his parents' household at the time of the accident in question. We find each of these findings of fact to be supported by some competent, credible evidence and the trial court's conclusions properly flow therefrom.

Although Tice and his parents insist that Tice was not a resident of his parents' home at the time of the accident, we have no way of testing their credibility from the cold, hard pages of this record.

Accordingly, we overrule Motorists's second assignment of error.

### III

Through the third and final assignment, Motorists maintains the trial court's finding that Tice was driving the automobile at the time of the accident is against the manifest weight of the evidence.

We overrule this assignment for the reasons previously stated under the first assignment of error. This issue was determined in the initial action between Michelle Patterson and Tice. Therefore, Motorists is estopped from relitigating same.

For the foregoing reasons, the judgment entered in the Tuscarawas County Court of Common Pleas, Ohio, is hereby affirmed.

*Judgment affirmed.*

WILLIAM B. HOFFMAN and READER, JJ., concur.