### In re Harry Tom BROWN, Debtor.

### Gary CRANFILL, Barbara Cranfill, Plaintiffs,

### v.

### Harry Tom BROWN, Defendant.

Bankruptcy No. 97–20213.
Adversary No. 97–2031.

United States Bankruptcy Court,
E.D. Kentucky,
Covington Division.

Jan. 14, 1998.

Robert A. Goering, Cincinnati, OH, for Plaintiffs.

Michael Plummer, Covington, KY, for Defendant.

### *MEMORANDUM OPINION*

WILLIAM S. HOWARD, Chief Judge.

This matter is before the Court on the plaintiffs' Motion for Summary Judgment. The issue presented here is whether the plaintiffs' state law default judgment for fraud against the defendant has collateral estoppel effect so as to entitle them to a summary judgment that his debt to them is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A). This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b); it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

The plaintiffs' Complaint to Determine Dischargeability of a Debt, filed herein on May 14, 1997, alleges that the defendant obtained money, property and/or services from them by means of false pretenses, false representations, and/or actual fraud, and that it is nondischargeable under 11 U.S.C. § 523(a)(2)(A); that they received a judgment against the defendant for fraud in the Brown County (Ohio) Common Pleas Court in Case # 95–0630 which is *res judicata* herein; and that the state court judgment must be given collateral estoppel effect. The defendant filed a Response on June 11, 1997, which states that the state court judgment was entered by default and so should not be given any effect by this Court.

On October 14, 1997, the plaintiffs filed a Motion for Summary Judgment contending that there was no genuine issue as to any material fact, and that they were entitled to judgment as a matter of law that the defendant's debt to them was nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A), and that their state court judgment for fraud must be given collateral estoppel effect. The defendant has not responded to the Motion for Summary Judgment. As stated in FRCP 56(c), a movant is entitled to summary judgment when

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

In order for the plaintiff to be awarded summary judgment herein, this Court must find that the Ohio state court judgment has preclusive, or collateral estoppel, effect in the dischargeability proceeding.

The plaintiffs have filed a copy of the record of the state court proceeding wherein it may be seen that they obtained a default judgment against the defendant in the Brown County (Ohio) Court of Common Pleas in Case No. 95–0630 entered on July 17, 1996. The judgment against the defendant was in the amount of $50,000.00, for actual damages for common law fraud, $100,000.00 for treble damages pursuant to O.R.C. § 1345.09, plus attorney's fees in the amount of $8,000.00,

and an award of $50,000.00 in punitive damages as a result of the defendant's common law fraud. Ohio Revised Code § 1345.09 is part of the Ohio Consumer Sales Practices Act. The record does not indicate that the judgment was appealed. The debtor filed his Chapter 7 petition in this Court on February 12, 1997.

In order to determine if collateral estoppel applies, the Court must look to the law of the state which rendered the judgment to see if the courts of that state would give the judgment preclusive effect. *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985); *In re Calvert,* 105 F.3d 315 (6th Cir.1997). In *Calvert,* the Sixth Circuit specifically held that 28 U.S.C. § 1738 is applicable to discharge proceedings pursuant to 11 U.S.C. § 523. *Calvert* also distinguished *Spilman v. Harley,* 656 F.2d 224 (6th Cir.1981), because that case preceded the Supreme Court's ruling in *Marrese* and because the holding there did not involve a default judgment. Here we must look to the law of the state of Ohio to determine the application of collateral estoppel.

The courts of Ohio give preclusive effect to default judgments where there is an express adjudication of the issue. *Patterson v. Tice,* 91 Ohio App.3d 414, 632 N.E.2d 962; *Zaperach v. Beaver,* 6 Ohio App.3d 17, 451 N.E.2d 1249. The *Zaperach* court held, at page 1252,

> Only if there is an express adjudication of an issue by the court in the original action, whether by *default* or trial, can the judgment be utilized as establishing a matter as between the parties. [Emphasis supplied]

The precise issue to be decided as concerns dischargeability is whether the defendant's conduct brought him within the purview of 11 U.S.C. § 523(a)(2)(A). That subsection provides that an individual debtor's debt incurred

> for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—false pretenses, a false representation, or actual fraud, other

than a statement respecting the debtor's or an insider's financial condition;

will not be discharged in bankruptcy. As stated in *In re McLaren*, 3 F.3d 958 (6th Cir.1993):

> It is well established that in order to except a debt from discharge under section 523(A)(2)
>
> > 'the creditor must prove that the debtor obtained money through a material misrepresentation that at the time the debtor knew was false or made with gross recklessness as to its truth. The creditor must also prove the debtor's intent to deceive. Moreover, the creditor must prove that it reasonably relied on the false representation and that its reliance was the proximate cause of the loss.'
>
> *Atassi v. McLaren* (*In re McLaren*), 990 F.2d 850, 852 (6th Cir.1993) quoting *Coman v. Phillips* (*In re Phillips*), 804 F.2d 930, 932 (6th Cir.1986). Additionally, the proper burden upon [the creditor] " '...was to show proof of ... fraud by a preponderance of the evidence only.' " *Id.* at 853 (citing *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991) ...).

At page 961. As concerns the reliance requirement, the Supreme Court has ruled in *Field v. Mans*, 516 U.S. 59, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995), that the standard for excepting a debt from discharge as a fraudulent misrepresentation within the meaning of § 523(a)(2)(A) is not reasonable reliance but the less demanding one of justifiable reliance on the representation.

■ In order for the first requirement for the application of collateral estoppel to be met, it must be clear that the issue of whether the defendant herein incurred the debt to the plaintiffs herein by means of a false representation was raised in the state court proceeding. The certified copy of the state court proceeding filed by the plaintiffs shows that they filed a Verified Complaint alleging that the defendant misrepresented through oral representations and the terms and provisions of a contract for the construction of a log home that the home would be constructed in a workmanlike manner using quality materials and suitable design and construction,

that it would be completed in a timely manner, and would be a "turn key" home which was, *inter alia,* "energy efficient" and a "quality home."

The Complaint further alleges that the defendant requested and received payment for items for which he had already been paid, that he endorsed checks with the signatures of the plaintiffs without their permission, and cashed the checks. The Complaint alleges that these actions constitute misrepresentations concerning monies the defendant was owed under the contract to construct the home. In regard to all of the allegations of misrepresentation, the plaintiffs state that they relied on these misrepresentations to their detriment.

■ The elements of common law fraud in Ohio are a representation or, where there is a duty to disclose, concealment of a fact which is material to the transaction, made falsely, with knowledge of its falsity, or with such utter disregard or recklessness as to whether it is true or false that knowledge may be inferred, with the intent of misleading another into relying on it; justifiable reliance upon the representation or concealment; and a resulting injury proximately caused by the reliance. *Burr v. Board of County Com'rs of Stark County*, 23 Ohio St.3d 69, 491 N.E.2d 1101. The judgment entered by the Court of Common Pleas of Brown County found common law fraud as recited in the paragraph of the judgment granting a judgment against the defendant for $50,000 in actual damages. The court also recited a finding of fraud in awarding the plaintiff $50,000 in punitive damages.

■ The plaintiffs also alleged that the defendant violated the Ohio Consumer Sales Practices Act in that his actions and misrepresentations, including fraud *inter alia,* were unfair or deceptive acts or practices, and were unconscionable acts or practices in connection with a consumer transaction within the meaning of O.R.C. § 1345.01 et seq. That statute identifies unfair or deceptive acts or practices, and unconscionable acts or practices, and sets out the relief available to the consumer under the Act. The statute has no requirement that a consumer demonstrate

his reasonable reliance on these acts or practices or that such reliance was the proximate cause of the harm in order to prevail. Therefore, neither reasonable reliance nor proximate cause has been shown to have been argued, considered or ruled upon in regard to any violation of the Ohio Consumer Sales Practices Act to relate this cause of action to the fraud described in and made nondischargeable by 11 U.S.C. § 523(a)(2)(A).

In consideration of the foregoing, it is the opinion of this Court that the plaintiffs have carried forward their burden of establishing that there is no genuine issue as to any material fact and that they are entitled to judgment as a matter of law that the defendant's debt to them is nondischargeable as to the elements of common law fraud. They should therefore have judgment for $50,-000.00 in actual damages and $50,000.00 in punitive damages as set out in the Entry and Order Granting Plaintiffs' Motion for Default Judgment Against Defendant Thomas Brown entered by the Court of Common Pleas of Brown County. The plaintiffs have not, however, established that they are entitled to summary judgment as to the Ohio Consumer Sales Practices Act cause of action, and their Motion for Summary Judgment should be overruled in that regard. An order in conformity with this opinion will be entered separately.