JOURNAL ENTRY AND OPINION
{¶ 1} In December 1999, plaintiff-appellant, Garee Stiggers, contracted with non-party Eldrige Elie, d/b/a Elie Construction ("Elie"), to build an addition onto her house. Elie was insured under a commercial general liability policy by defendant-appellee, Erie Insurance Exchange ("Erie"). Stiggers was not satisfied with Elie's work and Elie eventually abandoned the project before it was completed.
 {¶ 2} Stiggers filed suit against Elie Construction, but subsequently dismissed her suit without prejudice. She refiled, and in May 2003, obtained a default judgment against Elie Construction in the amount of $55,780, which is Stiggers' estimated cost to repair and/or replace the defective construction.
 {¶ 3} Stiggers then brought suit pursuant to R.C. 2721.02 and3929.06 against Erie, attempting to collect upon the judgment against Elie and seeking a declaration of the parties' rights and obligations under the insurance contract. Both parties filed motions for summary judgment. In its motion, Erie argued that the failure of Stiggers and Elie Construction to provide notice to it of the refiled suit was a violation of the policy's notice provision and the taking of a default judgment without providing notice constituted prejudice to Erie as a matter of law. Erie argued further that Stiggers' claim for damages was not within the scope of the policy coverage. The trial court granted judgment for Erie, finding that Stiggers' claims did not trigger coverage under the policy. It did not address Erie's argument regarding notice.
 {¶ 4} This court dismissed Stiggers' appeal of that judgment, finding the trial court's judgment entry too vague and unspecific to adequately advise the parties to the declaratory judgment action of their rights and obligations under the contract.
 {¶ 5} On remand, the trial court again granted summary judgment in favor of Erie. This time, the trial court held that, as a matter of law, Stiggers had breached the notice provision under the contract and Erie was prejudiced by the breach. The trial court held that "this constitutes an absolute defense for Erie, as notice is a condition precedent to coverage." The trial court did not address whether Stiggers' claims were covered under Elie's contract with Erie.
 {¶ 6} Stiggers now asserts four assignments of error regarding the trial court's judgment. We address her first assignment of error as it is dispositive of this appeal. In this assignment of error, Stiggers argues that the trial court erred in granting summary judgment to Erie because she produced sufficient evidence to create a genuine issue of material fact regarding whether Erie waived its right to insist upon strict compliance with the notice provision of the policy.
 {¶ 7} Civ.R. 56(C) provides that summary judgment is appropriate when: 1) there is no genuine issue of material fact, 2) the moving party is entitled to judgment as a matter of law, and 3) after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can reach only a conclusion that is adverse to the nonmoving party. Zivich v.Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367, 369-370;Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. The moving party bears the initial burden of informing the court of the basis of the motion and identifying those portions of the record which support the requested judgment. Vahila v. Hall,77 Ohio St.3d 421, 1997-Ohio-259. If the moving party discharges its initial burden, the party against whom the motion is made then bears a reciprocal burden of specificity to oppose the motion. Id. See, also, Mitseff v. Wheeler (1998), 38 Ohio St.3d 112. We review the trial court's judgment de novo using the same standard that the trial court applies under Civ.R. 56(C). Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105.
 {¶ 8} The Erie insurance policy at issue provides that "when there is an accident, occurrence, offense, claim, or suit, anyone we protect will: notify us or our agent in writing as soon as possible * * * send us any papers that relate to the accident, occurrence, offense, claim or suit." It further provides that "anyone we protect will not make payments, assume obligations or incur expenses, other than for first aid, except at their own cost."
 {¶ 9} "Notice provisions in insurance contracts are conditions precedent to coverage, so an insured's failure to give its insurer notice in a timely fashion bars coverage." GoodyearTire Rubber Co. v. Aetna Cas. Sur. Co. (2002),95 Ohio St.3d 512, 2002-Ohio-2842, at ¶ 14. Generally, the question of whether an insured met the notice requirement is a question for the jury, although an unexcused significant delay may be unreasonable as a matter of law. Ormet Primary Aluminum Corp. v. Employers Ins.
(2000), 88 Ohio St.3d 292, 300.
 {¶ 10} There is no question here that notice to Erie is a condition precedent to coverage. The real issue, however, is whether Erie, through its agent, acted in such a way as to be estopped from asserting a defense of noncompliance with the notice provision, regardless of whether it may have been prejudiced by any delay in receiving notice from Stiggers. "Conditions in insurance policies as to furnishing various notices after loss in a certain manner, being for the benefit of the insurer, may be waived by words or conduct inconsistent with an intention to enforce strict compliance, from which the assured is led to believe that such compliance is unnecessary." Lind v.State Auto. Mut. Ins. Assn. (1934), 128 Ohio St.1, 7. See, also,Ohio Farmers Ins. Co. v. Cochran (1922), 104 Ohio St. 427
(insurer waived its right to immediate notice of loss when the acts and conduct of the insurer and its agents caused insured to fail to file notice within required time period).
 {¶ 11} An insurer will be estopped from claiming nonliability for noncompliance with a written notice provision when the insurer, through its authorized agent, informs the insured or the injured party that it disclaims liability and will not defend an action, "thereby inducing the insured to inaction, resulting in prejudice to his position." Felicity-Franklin Local School Dist.Bd. of Edn. v. Nationwide Mut. Ins. Co. (Dec. 22, 1989),56 Ohio Misc. 2d 19, 21, citing Hartford Acc. Indemn. Co. v. Randall
(1932), 125 Ohio St. 581; American Liability Co. v. Remke
(1929), 34 Ohio App. 496.
 {¶ 12} In Hartford, supra, the injured party obtained a judgment against the insured driver of the car and then filed suit against the insurance company for payment of the judgment. The insurance company argued that it was not liable because it had not received notice of the suit and did not learn of the suit until after default judgment had been taken against its insured. The Ohio Supreme Court held, however, that the insurance agent's conversations with the injured party's attorney, prior to suit being filed, in which the agent informed the attorney that the company would not defend its insured and disclaimed all liability, were sufficient to estop the insurer from asserting a right to notice under the policy.
 {¶ 13} Likewise, in Costa v. Cox (1958), 84 Ohio Law Abs. 338, 343, the Ninth District Court of Appeals held:
 {¶ 14} "After the casualty insurance company was seasonably notified of the accident by the attorney of the injured person, and after a casual investigation had disclaimed all liability for damages and further had disclaimed any duty to defend the action, such conduct on the part of the company constituted a waiver of a strict compliance with the notice provisions in the policy * * *." See, also, Patterson v. Tice (1993),91 Ohio App.3d 414 (where insurer responded to letter from injured party's attorney regarding pending lawsuit against insured that defendant was not its insured, insurer waived the notice provisions of its policy). Stiggers presented the following facts in her motion for summary judgment. In March 2001, Stiggers filed suit against Elie. Stiggers v. ElieConstruction Co., et al., Cuyahoga County Common Pleas Court Case No. CV-433262. In December 2001, her attorney informed Erie of the suit. On December 19, 2001, Christopher Szabo, a commercial liability claims specialist for Erie, sent Elie a reservation of rights letter accepting defense of the case while it continued to investigate the matter. On January 4, 2002, Szabo sent Elie another letter denying coverage, indemnification, and a defense. Stiggers subsequently dismissed her suit without prejudice.
 {¶ 15} She then obtained new counsel, Daniel Morris, who contacted Szabo on November 14, 2002. In his affidavit attached to Stiggers' motion for summary judgment, Morris averred that Szabo was unresponsive to his attempts to negotiate a settlement during this conversation. He stated that Szabo "told me that there had been an investigation of the claim and that they had decided not to defend or indemnify Elie against my client's claims. He indicated that Erie was not likely to reverse this decision." Szabo subsequently forwarded a copy of the reservation of rights letter and the letter denying coverage to Morris.
 {¶ 16} During their conversation, Morris told Szabo that if the case could not be settled, Stiggers would refile her suit against Elie and that, once she had secured a judgment against Elie, she would present her claim to Erie. According to Morris, Szabo "essentially invited me to counsel my client to sue Erie over the issue of insurance coverage under this policy."
 {¶ 17} Stiggers refiled suit against Elie in January 2003. It is undisputed that she did not provide Erie with written notice of this suit until July 25, 2003, when Morris sent a letter to Erie requesting that it satisfy the default judgment Stiggers had obtained against Elie.
 {¶ 18} In its brief in opposition to Stiggers' motion for summary judgment, Erie did not respond to Stiggers' argument that Erie, through Szabo, had waived its right to insist upon compliance with the notice provision of the policy nor did it offer any evidence that Morris' recitation of what occurred during his conversation with Szabo was not accurate. Although Erie cited cases holding that an insurer is entitled to summary judgment where it has not received notice of the suit until after default or consent judgment has been rendered, none of the cases addressed whether Erie waived its right, through its agent Christopher Szabo, to insist that Stiggers give it notice of her refiled suit after Szabo told Morris that it would not defend or provide any coverage to Elie.
 {¶ 19} Similarly, although the trial court noted that "in the alternative, Plaintiff argues that Defendant waived the notice requirement by denying Plaintiff's claims under the policy," it did not address this issue in its opinion granting summary judgment to Erie. Moreover, the trial court erred in concluding that "Plaintiff has not cited a single case to support his (sic) position that the insurance company does not need to be notified of the actual lawsuit * * *." In her brief in support of her motion for summary judgment, Stiggers cited the cases mentioned above, in which Ohio courts have held that an insurance company waives it right to notice of suit where it has disclaimed any liability or duty to defend.
 {¶ 20} In light of the evidence produced by Stiggers regarding Szabo's conversation with Morris, and Erie's failure to produce any evidence refuting same, we hold that, as a matter of law, Erie is estopped from asserting noncompliance with the notice provision of the policy as a defense in this action. Accordingly, the trial court erred in granting summary judgment in favor of Erie on this basis.
 {¶ 21} Appellant's first assignment of error is sustained. In light of our disposition of the first assignment of error, the remaining assignments are moot and therefore we need not address them. See App.R. 12(1)(c).
 {¶ 22} Because it granted summary judgment on the notice issue, the trial court did not consider whether Stiggers' claims are within the scope of Erie's policy coverage. Likewise, the trial court's first judgment entry granting summary judgment in favor of Erie did not adequately address the parties' rights and obligations under the policy. Accordingly, we decline the parties' invitation for this court to do so now, and remand for the trial court's determination of the parties' rights and obligations under the policy.
 {¶ 23} This cause is reversed and remanded to the Common Pleas Court for further proceedings consistent with this opinion.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Colleen Conway Cooney, P.J., and Anthony O. Calabrese, JR., J., concur.