# United States Bankruptcy Appellate Panel
**FOR THE EIGHTH CIRCUIT**

_____

No. 02-6020WA

_____

In re:                                        *
                                              *
David Charles Raffel,                         *
                                              *
    Debtor.                                   *
                                              *
                                              *
Car Color & Supply, Inc.,                     *   Appeal from the United States
                                              *   Bankruptcy Court for the
    Plaintiff-Appellee,                       *   Western District of Arkansas
                                              *
        v.                                    *
                                              *
David Charles Raffel                          *
a/k/a Dave Raffel                             *
a/k/a Advanced Auto Color,                    *
                                              *
    Defendant-Appellant.                      *

_____

Submitted: August 30, 2002
Filed: September 26, 2002

_____

Before KRESSEL, SCHERMER, and FEDERMAN, Bankruptcy Judges.

_____

FEDERMAN, Bankruptcy Judge.


Debtor/appellant David Charles Raffel appeals from an order of the bankruptcy court granting plaintiff Car Color & Supply, Inc.'s motion for summary judgment in an adversary

proceeding filed to determine the dischargeability of a debt. For the reasons set forth below, we affirm the order of the bankruptcy court.[1]

## ISSUE

The issue on appeal is whether the bankruptcy court erred when it granted collateral estoppel effect to a state court judgment that Mr. Raffel now claims was invalid. We conclude that review by any federal court, other than the United States Supreme Court, of the validity of such a state court judgment is precluded by the Rooker-Feldman doctrine.

## BACKGROUND

Debtor David Raffel owned and operated Advanced Auto Color, a business located in Springdale, Arkansas. Car Color & Supply, Inc. (Car Color) supplied parts and other supplies to Advanced Auto Color. On April 20, 2001, Car Color filed a Petition in the Circuit Court of Greene County, Missouri alleging, among other things, that Mr. Raffel fraudulently misrepresented his intent to pay Car Color for parts and supplies purchased by Advanced Auto Color from approximately July 1, 1998, to February 29, 2000. Mr. Raffel resided in Arkansas at the time, and he neither entered a limited appearance nor filed a response to the lawsuit. The state court found, however, that he was duly served with a summons and a copy of Car Color's Petition, therefore, he was aware of the lawsuit. On June 6, 2001, the Circuit Court of Greene County, Missouri found that it had jurisdiction and entered a default judgment against Mr. Raffel in the amount of $97,130.64. Mr. Raffel did not file an appeal or seek revocation of the default judgment. Instead, on July 2, 2001, he filed a Chapter 7 bankruptcy petition in the Western District of Arkansas. Car Color filed an adversary proceeding pursuant to 11 U.S.C. § 523(a)(2)(A) and asked the bankruptcy court to find the judgment debt nondischargeable. It then filed a motion for summary judgment based upon the default judgment entered by the Circuit Court of Greene County, Missouri. The bankruptcy court granted the motion for summary judgment, holding that the collateral

---

[1]The Honorable Robert F. Fussell, United States Bankruptcy Judge for the Western District of Arkansas.

2

estoppel doctrine should be applied to the default judgment, and that Mr. Raffel's debt to Car Color is nondischargeable. Mr. Raffel appeals that holding.

## STANDARD OF REVIEW

We review the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo.*[2] In this case the facts are not in dispute.

## DISCUSSION

Mr. Raffel argues on appeal that the Circuit Court of Greene County, Missouri did not have jurisdiction over him, therefore, the Judgment and Order entered on June 6, 2001, was not valid. As such, he claims that the bankruptcy court erred in applying the collateral estoppel doctrine to an invalid order. He does not otherwise challenge the bankruptcy court's application of collateral estoppel.

The validity of a state court order, and which court may make such a determination, is controlled by the Rooker-Feldman doctrine. The Rooker-Feldman doctrine evolved from two United States Supreme Court cases.[3] In *Feldman* the Supreme Court held that lower federal courts possess no power whatsoever to sit in direct review of state court decisions.[4] In *Rooker* the Supreme Court held that no court of the United States, other than the United States Supreme Court could "entertain a proceeding to reverse or modify the judgment of a state court."[5] The Eighth Circuit holds that the Rooker-Feldman doctrine "forecloses not only straightforward appeals but also more indirect attempts by federal plaintiffs to undermine

---

[2]*First Nat'l Bank of Olathe, Kansas v. Pontow (In re Pontow),* 111 F.3d 604, 609 (8th Cir. 1997); *Sholdan v. Dietz (In re Sholdan),* 108 F.3d 886, 888 (8th Cir. 1997).

[3]*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923).

[4]*Feldman*, 460 U.S. at 482, 103 S. Ct. at 1315.

[5]*Rooker*, 263 U.S. at 416, 44 S. Ct. at 150.

state court decisions."[6] In other words, the Rooker-Feldman doctrine deprives both the bankruptcy court, and us, of subject-matter jurisdiction to review a state court decision.[7] In *Snider v. City of Excelsior Springs, Missouri*, the Eighth Circuit held that the Rooker-Feldman doctrine precludes federal jurisdiction if the relief requested in federal court would reverse or void a state court decision.[8] That is precisely the relief Mr. Raffel requested of the bankruptcy court, and now requests of us. He claims that the state court default judgment is void for lack of subject matter and/or personal jurisdiction. That argument can only be raised in the Missouri Court of Appeals because federal review of state court decisions can only be had in the United States Supreme Court.[9] The Eighth Circuit recently held that the Rooker-Feldman doctrine does not apply if the parties to a later federal lawsuit had no knowledge of the earlier state court proceeding.[10] But the Circuit Court of Greene County, Missouri specifically found that it had jurisidiction, and that Mr. Raffle had notice of the lawsuit. The bankruptcy court, thus, had no jurisdiction to make a determination as to the validity of the state court judgment.

In granting Car Color's motion for summary judgment, the bankruptcy court relied on the doctrine of collateral estoppel as applied in Missouri. Missouri courts consider the following four factors in applying the collateral estoppel doctrine: (1) the issues in the present case and in the prior case must be identical; (2) the judgment in the prior case must have been on the merits; (3) the party against whom collateral estoppel is asserted must have been the same party, or in privity with a party, in the prior adjudication; and (4) the party

---

[6]*Lemonds v. St. Louis County, Missouri*, 222 F.3d 488, 492 (8th Cir. 2000); *See also Snider v. City of Excelsior Springs, Missouri*, 154 F.3d 809, 811 (8th Cir. 1998).

[7]*Snider*, 154 F.3d at 811.

[8]*Id.*

[9]*See Miller & Miller Auctioneers, Inc. v. Ritchie Brothers Auctioneers International, L.P. (In re Missouri Properties, Ltd.)*, 211 B.R. 914, 928 (Bankr. W.D. Mo. 1996) *citing Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416, 44 S. Ct. 149, 150, 68 L. Ed. 2d 362 (1923).

[10]*See Niere, et al. v. St. Louis County, Missouri*, Case No. 02-1949 *3 (8th Cir. September 20, 2002) (holding that the Rooker-Feldman doctrine is inapplicable if parties to a federal lawsuit had no opportunity to litigate in an earlier state court proceeding).

4

against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior suit.[11] Bankruptcy courts look to the substantive law of the forum state when applying the collateral estoppel doctrine,[12] thus, the law of Missouri controls here. The bankruptcy court found that all four elements of the doctrine were satisfied. Car Color objected to the dischargeability of its debt in Mr. Raffel's bankruptcy case on the basis that the he fraudulently misrepresented his intent to repay the debt. That is the same issue presented in the state court case. The parties to both lawsuits are identical, and Car Color presented sufficient evidence to allow the state court to find that Car Color had proven the elements of fraudulent misrepresentation. Though Mr. Raffel failed to appear at the hearing he did have notice of the lawsuit, therefore, he had a full and fair opportunity to litigate the issue of his liability to Car Color.

## CONCLUSION

Pursuant to the Rooker-Feldman doctrine, the bankruptcy court properly declined to address the validity of a default judgement entered by the Circuit Court of Greene County. The bankruptcy court, therefore, properly concluded that it should apply the doctrine of collateral estoppel as it is applied in Missouri. The order of the bankruptcy court granting summary judgment to creditor Car Color & Supply, Inc. is accordingly AFFIRMED.

A true Copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL FOR THE
EIGHTH CIRCUIT

---

[11]*Fischer v. Scarborough (In re Scarborough)*, 171 F.3d 638, 641 (8th Cir. 1999), *cert. denied*, *Scarborough v. Fischer*, 528 U.S. 931, 120 S. Ct. 330, 145 L. Ed. 2d 258 (1999).

[12]*Id.*