**In re Richard MONAS & Sharon Monas, Debtors.**

No. 03–20700.

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

March 24, 2004.

Glenn E. Forbes, Painesville, OH, for Debtors.

### MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Chief Judge.

The matters before the Court are as follows: 1) Confirmation of the Debtors Chapter 13 Plan and objections to the same filed by IMC Mortgage Company and FirstMerit Bank, N.A.; 2) Debtor's Motion to Modify the Chapter 13 Plan and objections to the same filed by IMC Mortgage Company and the State of Ohio, Department of Taxation; 3) Debtor's Motion To Avoid Claimed Mortgages of IMC Mortgage Company and Household Realty Corporation and an objection to the same filed by IMC Mortgage Company; 4) Debtor's Objection to the Claim filed by IMC Mortgage Company and a response to the same by IMC Mortgage Company; and 5) IMC Mortgage Company's Motion for Relief From Stay and objections to the same filed by the Debtor and FirstMerit Bank, N.A. The principal dispositive issue for the Court to determine is whether IMC Mortgage Company holds a valid security interest in the Debtor's real property located at 3838 Main Street, Perry, Ohio 44081. Richard and Sharon Monas, IMC Mortgage Company, and FirstMerit Bank, N.A. filed a Joint Stipulation of Facts. Based on the Joint Stipulation of Facts, the relevant facts for deciding these mat-

ters are not contested. Core jurisdiction of this matter is acquired under provisions of 28 U.S.C. § 157(b)(2)(A),(B),(G),(K) & (L), 28 U.S.C. § 1334, and General Order No. 84 of this district. Upon a review of the stipulated facts and an examination of the record, generally, the following factual findings and conclusions of law are herein made:

\* \* \* \* \* \*

Debtors Richard and Sharon Monas ("Debtors") filed their petition for relief under Chapter 13 of the Bankruptcy Code on August 12, 2003. In their petition the Debtors scheduled certain real property located at 3838 Main Street, Perry, Ohio 44081 as an asset. This property and the alleged lien of IMC Mortgage Company ("IMC") are the subject of this dispute.

IMC asserts it holds a mortgage lien on the property which originated on July 28, 1997, with approximately $104,473.54 owed as of December 19, 2003. FirstMerit Bank, N.A. ("FirstMerit") asserts it holds a second mortgage lien on the property which originated on May 25, 2000 with approximately $52,044.16 owed as of April 1, 2003; a judgment lien which originated on November 21, 2002 with approximately $2,044.16 owed as of April 1, 2003 plus interest from July 17, 2002; a second judgment lien which originated on April 2, 2003 with approximately $9,432.23 plus interest from April 2, 2003; and a third judgment lien with approximately $54,044.16 plus interest from April 2, 2003.

FirstMerit filed a complaint in foreclosure in the Lake County Common Pleas Court, Case No. 03CF000294, with respect to the subject property naming IMC, among others, as one of the defendants. IMC failed to file an answer in the foreclosure case. On June 17, 2003 a Judgment Entry Decree in Foreclosure ("Foreclosure Judgment") was entered by the state court. On FirstMerit's default judgment

motion against IMC, which the state court found was duly served, it was adjudged that IMC was in default of "answer, appearance, or other appropriate pleading." (Foreclosure Judgment, p. 1) As such, the state court forever barred IMC from asserting any right, title or interest in the property known as 3838 Main St., Perry, Ohio 44081. The state court further cancelled IMC's mortgage of record.

That same Foreclosure Judgment not only found IMC to have been in default for want of prosecution, it also made specific findings as to three other parties defendant on Plaintiff FirstMerit's Motion for Default Judgment and Motion for Summary Judgment, with accompanying Affidavit, FirstMerit's Complaint in Foreclosure, the Answer and Cross–Claim of Defendant Citifinancial, Defendants Richard and Sharon Monas' Answer, and the Answer of John S. Crocker, the Lake County Treasurer.

As to the co-defendant Household Realty Corporation ("Household"), the state court found Household to be in default and, as a result, forever barred Household from asserting any right, title or interest in the subject property. The state court also cancelled the mortgage of Household.

As to the co-defendant CitiFinancial, Inc. ("CitiFinancial"), the state count made no specific finding regarding any asserted right, title, interest, claim, or lien. Rather, the court transferred such to the net proceeds of the sale of the premises.

The state court also found that the Lake County Treasurer, a co-defendant, was owed taxes, accrued taxes, assessment, and penalties on the subject premises and those were to be determined at the time of sale. The amounts were to be a valid and good first lien against the subject property.

Additionally, the state court Foreclosure Judgment addressed and validated each of three judgment liens held by the Plaintiff FirstMerit against the subject property. That court found that each such lien was entitled to foreclosure by FirstMerit. Finally, the subject premises were to be sold free and clear of any lien, claim or interest of FirstMerit and all parties defendant. (Foreclosure Judgment, p. 6) Notably, said Foreclosure Judgment was a consent entry approved by counsel for FirstMerit, the Lake County Treasurer, CitiFinancial and counsel for the Debtors. Subsequent to the entry of the Foreclosure Judgment, the Debtors filed their Chapter 13 bankruptcy petition and the parties have stipulated that no foreclosure occurred regarding the subject property prepetition.

\* \* \* \* \* \*

Although the parties stipulate to the relevant facts in this case, they disagree as to the preclusive effect of the Foreclosure Judgment rendered by the state court.[1] In this bankruptcy proceeding, Debtors have objected to IMC's claim, as it was filed as a secured claim and contend that any claim formerly held by IMC was cancelled of record in accordance with the above referenced state court Foreclosure Judgment against IMC. More precisely, Debtors argue that IMC is bound by reason of the rules of comity, collateral estoppel, and *res judicata.* They further asserted that if any claim is held by IMC, it is unsecured.

In response, IMC timely objects to the Debtors' objection of its claim. Firstly, IMC asserts that notwithstanding the issuance of the state court's Foreclosure Judgment: 1) no foreclosure sale actually occurred; 2) only an order of sale was entered on June 27, 2003; and 3) the Debt-

ors' bankruptcy petition enjoined further state court actions. Further, IMC relies on a decision in *Daneman v. Federal Home Loan Mortgage Corp. (In re Hoff),* 187 B.R. 190 (Bankr.S.D.Ohio 1995) for the proposition that, under Ohio law, neither a mortgage nor the lien it creates is extinguished by the filing of a foreclosure suit. *Id.* at 195. IMC, citing 69 Ohio Jurisprudence 3d, Mortgage Sec. 233, further asserts that a mortgage is extinguished only after a foreclosure sale of the underlying real property. Essentially, IMC contends that although its mortgage interest was clearly cancelled by the state court it has a right to assert a secured claim in this bankruptcy proceeding because the foreclosure sale on the subject property did not occur.

Debtors responded to IMC's contentions by stating that IMC's reliance upon the *Hoff* opinion is misplaced. In *Hoff,* no specific finding was made regarding the validity of the alleged creditor's mortgage. In the subject state court action, however, a specific finding was made regarding the validity of IMC's mortgage on the subject premises. Thusly, the Debtors argue that the court's reasoning in *Hoff* is not applicable herein. The Debtors further contend that because of the preclusive effect of the state court's Foreclosure Judgment, IMC has no secured claim in the subject property.

\* \* \* \* \* \*

■■■■ This Court is asked to determine whether IMC still has an interest in the subject property given the decision rendered by the state court in its Foreclosure Judgment. In making that determination this Court recognizes that property interests are created and defined by state law

---

1. During the pendency of a duly scheduled evidentiary hearing, parties requested and were allowed to present this contested matter to the Court for adjudication on joint stipulations of fact and their respective pleadings.

and that "[u]nless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." *Butner v. U.S.,* 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). Further a creditor should not receive "a windfall merely by reason of the happenstance of [a debtor's] bankruptcy." *Id.* (citing *Lewis v. Manufacturers National Bank,* 364 U.S. 603, 609, 81 S.Ct. 347, 5 L.Ed.2d 323 (1961)).

■■■ Through the papers filed by IMC in this matter, IMC is attempting to enhance its rights as a claimant. This is not the intent of the Bankruptcy Code. If the Debtors had never filed for bankruptcy, IMC would be left without any secured claim because the state court clearly barred IMC from asserting any right, claim or interest in the subject property. IMC is prevented from enhancing it rights by reason of the preclusive effect of the state court judgment. A federal court must give a prior state court judgment the same preclusive effect as would be given that same judgment under the law of the state in which it was rendered. *Rally Hill Prods., Inc. v. Bursack (In re Bursack),* 65 F.3d 51, 53 (6th Cir.1995)(citing *Migra v. Warren City School District Board of Education,* 465 U.S. 75, 81, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984)). Under Ohio law, the doctrine of collateral estoppel, otherwise known as issue preclusion, prevents a party from relitigating facts and issues in a subsequent suit that were fully litigated in a prior suit that was a final judgment on the merits. *Thompson v. Wing,* 70 Ohio St.3d 176, 183, 637 N.E.2d 917, 923 (Ohio 1994). The doctrine of collateral estoppel applies in Ohio when a fact or issue (1) was actually and directly litigated in the prior action; (2) was passed upon and determined by a court of competent jurisdiction;

and (3) when the party against whom collateral estoppel is asserted was a party to the prior action. *Id. See also* Restatement (Second) of Judgments, § 27 (stating "[W]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties.") The person asserting estoppel carries the burden of proving its requirements, by a preponderance of the evidence. *Spilman v. Harley,* 656 F.2d 224, 229 (6th Cir.1981), overruled on other grounds, *Bay Area Factors v. Calvert (In re Calvert),* 105 F.3d 315, 319 (6th Cir.1997); *In re Siml,* 261 B.R. 419, 422 (Bankr.N.D.Ohio 2001).

■■■ The state court's Foreclosure Judgment satisfies all of the requirements of collateral estoppel under Ohio law. First, the Foreclosure Judgment was a final judgment on the issue of IMC's interest in the subject property. Under Ohio law, a state court decree in foreclosure is a final judgment even if no foreclosure sale occurred due to the filing of a debtor's bankruptcy case. *Sellman v. Schaaf,* 17 Ohio App.2d 69, 244 N.E.2d 494, 501 (1969)("[A]lthough there still remains something to be done in an action, if the general equities and rights of the parties have been settled by an order, that order determines the action and is final even though supplementary and executive orders may still be necessary to fully implement the rights so determined.") Even though the judgment against IMC would be considered a default judgment, it still receives preclusive effect to the same extent that Ohio law gives all other default judgments preclusive effect. *Sill v. Sweeney (In re Sweeney),* 276 B.R. 186 (6th Cir. BAP 2002). Ohio courts give preclusive effect to default judgments only when there is an express adjudication of the

issue. *Sweeney,* 276 B.R. at 193. "[A]n unanswered complaint and the default judgment based on it do not, by themselves, constitute and express adjudication." *Sweeney,* 276 B.R. at 193.

The parties stipulated to the Foreclosure Judgment that contains an express adjudication of the validity of IMC's mortgage. The Debtors' objection to IMC's claim does not rest on a mere unanswered complaint and a default judgment based on it. As stated above, the state court's judgment contains findings of fact and conclusions of law. The state court was careful to address each of the parties' interests and made findings, accordingly. Additionally, the state court based its judgment not only on FirstMerit's motion for default judgment but also on a memorandum, an affidavit and exhibits in support thereof. (Foreclosure Judgment, pg. 1).

The second requirement that must be satisfied in order for collateral estoppel to apply, is that the issue must have been actually tried and decided and must have been necessary for the final decision. The dispositive issue in this matter is the validity of IMC's security interest. In the prior state court action, the priority, validity, and extent of all of the parties' liens on the property were determined. In the prior action, the state court cancelled the mortgage of IMC due to IMC's failure to respond to FirstMerit's complaint. It was necessary for the state court to determine each of the defendant's interests in order to make a final decision in the foreclosure action. The next requirement is that the court in the previous action have competent jurisdiction. The state court was the appropriate place to determine the priority, validity and extent of the parties' liens because property interests are to be determined by state law. *Butner,* 440 U.S. at 55, 99 S.Ct. 914. Lastly, IMC was a party defendant in the state court judgment.

For all these reasons the Foreclosure Judgment can be given collateral estoppel effect.

IMC's reliance on the *Hoff* opinion is misplaced because the facts of the case are clearly distinguishable from the facts presently before this Court. That opinion, unlike the subject state court opinion, made no specific finding regarding the validity of a mortgage security interest. Additionally, this Court is not bound by the findings made in *Hoff.* The state court in this matter made an express finding regarding the validity of IMC's mortgage on the subject premises. This is unrefuted. That finding is clearly independent of and is segregable from the state court's other provisions in its Foreclosure Judgment. By reason of its earlier disposition of IMC's asserted interest, that is, the court's cancellation of the same, IMC had no claim or interest which was transferable to any proceeds of sale. Thusly, the fact that no foreclosure sale ever occurred does not diminish or otherwise affect the state court's cancellation of IMC's recorded security interest in the subject premises. Because of the preclusive effect of the state court's Foreclosure Judgment, IMC holds no secured claim against the Debtors' estate.

\* \* \* \* \* \*

 In addition to objecting to the claim filed by IMC, Debtors move to avoid the claimed mortgages of IMC and Household. In order to properly bring this matter before the Court the Debtors should have filed this matter as an adversary proceeding pursuant to Bankruptcy Rule 7001(2). However, this Court has given the state court's Foreclosure Judgment preclusive effect based on collateral estoppel, therefore, the Debtors' motion in this latter regard is moot. Neither IMC nor Household hold a secured claim against the Debtors' estate. Both IMC and Household were previously barred from

any right, title, interest or claim in the subject property.

IMC also filed a motion for relief from stay on the subject property in this matter. By filing this motion, IMC effectively ignores the state court's cancellation of its recorded security interest. There is no indication that the state court ever vacated or modified its ruling regarding IMC's cancelled security interest. There is no indication of record that IMC ever appealed the ruling, or that the state court ruling was ever reversed. IMC's security interest in the premises was previously cancelled of record by the state court pre-petition; and IMC's present motion for stay relief was filed improvidently and is hereby denied on that basis.

\* \* \* \* \* \*

Accordingly, the objection of the Debtors to the claim filed by IMC is sustained, and IMC's response to the same is overruled. The motion of IMC for relief from stay is denied. The objections filed by FirstMerit and the Debtors to IMC's motion for relief from stay are granted. The motion of the Debtors to avoid the mortgages of IMC and Household is moot, as is IMC's objection. IMC's objection to the Debtors confirmation of plan and motion to modify their plan are both overruled. Debtors' motion to modify their plan, the State of Ohio Department of Taxation's objection to the same, and FirstMerit's objection to confirmation will all be heard at an adjourned hearing on confirmation of the Debtors' plan. Each party is to bear its respective costs.

**IT IS SO ORDERED.**

### JUDGMENT

At Cleveland, in said District, on this 24th day of March, 2004.

A Memorandum Of Opinion And Order having been rendered by the Court in this matter,

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the objection of the Debtors to the claim filed by IMC is sustained, and IMC's response to the same is overruled. The motion of IMC for relief from stay is denied. The objections filed by FirstMerit and the Debtors to IMC's motion for relief from stay are granted. The motion of the Debtors to avoid the mortgages of IMC and Household is moot, as is IMC's objection. IMC's objection to the Debtors confirmation of plan and motion to modify their plan are both overruled. Debtors' motion to modify their plan, the State of Ohio Department of Taxation's objection to the same, and FirstMerit's objection to confirmation will all be heard at an adjourned hearing on confirmation of the Debtors' plan. Each party is to bear its respective costs.

IT IS SO ORDERED.