In re Debra DAWSON, Michael Dawson, Debtors.

David I. Jaffe, Plaintiff,

v.

Debra E. Dawson, Defendant.

David I. Jaffe, Plaintiff,

v.

Michael Dawson, Defendant.

Bankruptcy Nos. 05–13059, 05–14078.
Adversary Nos. 05–1284, 05–1339.

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

Jan. 4, 2006.

Scott W. Gedeon, Cleveland, OH, for Debtors.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Chief Judge.

Before the Court is David I. Jaffe's ("Jaffe") motion for summary judgment on his complaint to determine a debt of Debtors Michael and Debra E. Dawson (collectively, the "Dawsons") to be nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).[1] The Court acquires core matter jurisdiction over this proceeding under 28 U.S.C. § 157(b)(2)(J) and General Order No. 84 of this District. Upon an examination of the parties' respective briefs and supporting documentation and conducting a hearing on the matter, the following findings of fact and conclusions of law are hereby rendered:

\*

It is undisputed that Jaffe and Michael Dawson engaged in several loan transactions from May 1999 to October 2001. From May 14, 1999 to October 1, 2001, in connection with the operation of a towing business, Jaffe made loans to Michael

---

1. Debra Dawson filed a petition for relief under Chapter 7 of the Bankruptcy Code on March 12, 2005 (Case No. 05–13059). Michael Dawson filed a separate petition for relief on March 30, 2005 (Case No. 05–14078). Jaffe filed separate adversary proceedings against Debra Dawson (Adv.Proc. No. 05–1284) and against Michael Dawson (Adv.Proc. No. 05–1339). On December 12, 2005, the Court granted an order consolidating the adversary proceedings.

Dawson in the amounts of $80,000, $79,000, and $9,500. Additionally, on October 25, 1999, Jaffe loaned Michael Dawson $40,000 for the purchase of certain commercial real estate (the "Property"). Michael Dawson failed to disclose that the owner of the Property, Debra Gwiazadowski, was at that time his girlfriend, who later became his wife and is now known as Debra Dawson. Michael and Debra Dawson sold the Property and used the sale proceeds, along with the October 1999 loan, to purchase a personal residence.

Prepetition, on May 14, 2002, Jaffe brought suit in the Court of Common Pleas in Cuyahoga County (the "state court") against Defendants Michael Dawson, Debra Dawson, and Mike's Lucky Seven, Inc., asserting that he was owed for the loans, and for his share of the profits from the sale of the Property. Jaffe alleged claims for breach of contract, unjust enrichment, and fraud.[2]

As reflected in the state court docket, the Dawsons failed to participate in the state court proceedings.[3] On September 18, 2003, the Dawsons failed to appear at a duly noticed deposition.[4] On December 19, 2003, the state court granted the motion of the Dawsons' attorney, Samuel Basta, to withdraw, based on the Defendants' refusal to respond to discovery requests or otherwise cooperate in the trial proceedings.[5] The record does not reflect whether the Dawsons' sought leave to obtain substitute counsel. On December 24, 2003, after receiving no response from the Dawsons,

the state court, pursuant to the Ohio Civil Rules and upon Jaffe's motion, granted Jaffe's Motion to Deem Admissions Propounded to Michael Dawson and Debra Dawson (Gwiazdowski) Admitted. On January 20, 2004, the Dawsons failed to appear at the duly noticed trial.[6] The state court conducted a trial on the merits, and Jaffe was awarded a judgment on the merits against the Defendants, jointly and severally, in the amount of $396,782.35 (the "state court judgment"). The Dawsons received notice of the judgment, and failed to appeal the state court judgment.

Debra Dawson filed a petition for relief under Chapter 7 of the Bankruptcy Code on March 12, 2005. Michael Dawson filed a separate petition for relief on March 30, 2005. The state court judgment was scheduled by both Debtors. Jaffe commenced the subject adversary proceedings on the basis that the state court judgment is nondischargeable under § 523(a)(2)(A), since the amount due was incurred through fraud.

\* \*

Summary judgment is appropriate if a review of the record, in a light most favorable to the non-moving party, demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c); *see generally Celotex v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The party moving for summary judgment has the initial burden of proving that there is

---

**2.** *See* Complaint in Cuyahoga County Court (CV–02–470714).

**3.** *See generally* Docket of CV–02–47014.

**4.** Attempted Depositions of Michael Dawson and Deborah Dawson, Plaintiff's Exhibit 4.

**5.** Motion to Deem Admissions Propounded to Michael Dawson and Debra Dawson (Gwiazdowski) Admitted.

**6.** Judgment of Cuyahoga County Court ("Judgment"), Exhibit A to Plaintiff's Motion, at ¶ 1.

no genuine issue as to any material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 161, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Leadbetter v. Gilley*, 385 F.3d 683, 689–90 (6th Cir.2004). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. Thus, in most civil cases the Court must decide "whether the [trier of fact] could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id.* at 252, 106 S.Ct. 2505.

Once the moving party has met this initial burden of proof, the non-moving party must present specific facts sufficient to raise a genuine issue for trial and may not rest on its pleadings or mere assertions of disputed facts to defeat the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (stating that the party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts"). Summary judgment is appropriate whenever the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548. The mere existence of a scintilla of evidence in support of the opposing party's position will not be sufficient to forestall summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The non-moving party is under an affirmative duty to point out specific facts in the record as it has been established which create a genuine issue of material fact. *Pavlovich v. National City Bank*, 342 F.Supp.2d 718, 722 –723 (N.D.Ohio 2004) (citing *Fulson v. City of Columbus*, 801 F.Supp. 1, 4 (S.D.Ohio 1992)). The non-movant must show more than a scintilla of evidence to overcome summary judgment; it is not enough for the non-moving party to show that there is some metaphysical doubt as to material facts. *Id.* Moreover, "the trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir.1989) (citing *Frito–Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C.Cir.1988)). In ruling on a motion for summary judgment, "the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505; *White v. Turfway Park Racing Ass'n, Inc.*, 909 F.2d 941, 943–44 (6th Cir.1990).

Therefore, the Court must determine whether Jaffe has shown, by a preponderance of the evidence, that there is exists no genuine issue of material fact, and that he is entitled, as a matter of law, to a determination that the state court judgment against Michael and Debra Dawson is non-dischargeable under § 523(a)(2)(A).

\* \* \*

▆▆ "The creditor has the burden of proving by a preponderance of the evidence that a debt is nondischargeable under § 523(a)(2)(A)." *In re Shartz*, 221 B.R. 397, 399 (6th Cir. BAP 1998) (citing *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991)); *In re McLaren*, 990 F.2d 850, 853 (6th Cir.1993).

Under § 523(a)(2)(A), a creditor seeking to except a debt from discharge must prove that:

(1) the debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth;

(2) the debtor intended to deceive the creditor;

(3) the creditor justifiably relied on the false representation; and

(4) its reliance was the proximate cause of loss.

The creditor has the burden of establishing each of these elements by a preponderance of the evidence.

*In re Catherman,* 331 B.R. 333, 336 (Bankr.N.D.Ohio 2005) (citing *In re Rembert,* 141 F.3d 277, 280–81 (6th Cir.1998)).

\* \* \* \*

■ Jaffe argues that the state court's findings that a fraud had been committed upon him should be given preclusive effect in this case. As the party seeking to invoke collateral estoppel, Jaffe bears the burden of showing, by a preponderance of the evidence that all of the elements of the doctrine apply. *Central Transport, Inc. v. Four Phase Systems, Inc.,* 936 F.2d 256, 260 (6th Cir.1991); *In re Monas,* 309 B.R. 302, 306 (Bankr.N.D.Ohio 2004); *In re Robinson,* 242 B.R. 380, 385 (Bankr. N.D.Ohio 1999).

■ "The Supreme Court has held that the doctrine of collateral estoppel is applicable in dischargeability proceedings." *In re Sarff,* 242 B.R. 620, 623–24 (6th Cir. BAP 2000) (citing *Grogan v. Garner,* 498 U.S. 279, 284, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991)). "[T]he application of collateral estoppel in a nondischargeability action depends upon whether the applicable state law would give collateral estoppel effect to the judgment." *Id.* at 624. Under Ohio law, the doctrine of collateral estoppel applies when,

(1) the party against whom estoppel is sought was a party or in privity with a party to the prior action;

(2) there was a final judgment on the merits in the previous case after a full and fair opportunity to litigate the issue;

(3) the issue must have been admitted or actually tried and decided and must be necessary to the final judgment; and

(4) the issue must have been identical to the issue involved in the prior suit.

*Id.; In re Monas,* 309 B.R. 302, 306 (Bankr.N.D.Ohio 2004) (citing *Thompson v. Wing,* 70 Ohio St.3d 176, 637 N.E.2d 917, 923 (1994)) ("The doctrine of collateral estoppel applies in Ohio when a fact or issue (1) was actually and directly litigated in the prior action; (2) was passed upon and determined by a court of competent jurisdiction; and (3) when the party against whom collateral estoppel is asserted was a party to the prior action.").

■ In this case, it is clear that all four of the elements of collateral estoppel have been met. First, the Dawsons were named defendants in the state court proceedings. Second, the matter was before the state court "for consideration at the trial on the merits on January 20, 2004." The Dawsons were given due notice of all trial proceedings and had a full and fair opportunity to litigate. The fact that they refused to participate or cooperate with their own counsel does not permit them to ignore the state court proceedings, or the binding effects of the judgment rendered thereto. *E.g., Doherty v. American Motors Corp.,* 728 F.2d 334, 346 (6th Cir.1984) (finding that defendant "simply neglected to litigate all of the issues when he had a full and fair opportunity to do so."); *In re*

*Raffel,* 283 B.R. 746, 749 (8th Cir. BAP 2002) (applying collateral estoppel where debtor "failed to appear at the hearing he did have notice of the lawsuit, therefore, he had a full and fair opportunity to litigate."). The Dawsons cannot allege that the lack of an attorney deprived them of a full and fair opportunity to litigate, since they caused their attorney to seek withdrawal by failing to respond to discovery requests or their own attorney's attempts at communication, and did not seek substitute counsel after the Court granted their attorney's request to withdraw. *Richardson v. Miller,* 101 F.3d 665, 670 (11th Cir.1996) (finding that defendant had cited "no case law to support his contention that the absence of a party's lawyer at trial is a factor to be considered in determining whether that party had a full and fair opportunity to contest a decision."); *In re Kelly,* 238 B.R. 156, 162 (Bankr.E.D.Mo. 1999) ("The Debtor's election to disregard the judicial process does not prevent the Bankruptcy Court from determining that, in fact, the Debtor had a full and fair opportunity to litigate ..."). Third, the state court was careful to state that "[t]hese factual findings are on the merits and not solely resulting from Defendants' failure to appear at trial."[7]

■ Fourth, the state court found "that a fraud has been committed upon Plaintiffs and that attorney's fees ... are awarded." In Ohio, "[a]n action in common-law civil fraud has five essential elements: 1) a material false representation or a concealment, 2) knowingly made or concealed, 3) with the intent of misleading another into relying upon it, 4) justifiable reliance upon the representation or concealment by the party claiming injury, and 5) injury resulting from the reliance." *Temple v. Fence*

*One, Inc.,* 2005 WL 3436354, *9 (Ohio App. 2005). These elements also meet the requirements for nondischargeability under § 523(a)(2)(A). *In re Francis,* 226 B.R. 385, 389 (6th Cir. BAP 1998) ("The Panel concludes that the bankruptcy court properly found 'that the elements of a dischargeability claim under 11 U.S.C. § 523(a)(2)(A) are virtually identical to the elements of a fraud claim in Ohio.' "); *In re Brown,* 215 B.R. 844, 847 (Bankr. E.D.Ky.1998).

Jaffe has met his burden of showing that the state court judgment should be given preclusive effect in determining the dischargeability of debt under § 523(a)(2)(A). As noted above, the elements of fraud under Ohio state law meet the requirements of § 523(a)(2)(A). Therefore, Jaffe has met his burden of showing that there is no genuine issue of material fact.

The Dawsons respond that 1) the state court judgment was obtained by default, and therefore, should not be given preclusive effect, 2) the Bankruptcy Court, and not the state court, has exclusive jurisdiction to determine dischargeability under § 523(a)(2), and 3) the Court may consider additional evidence beyond the state court judgment.

■ Initially, the Dawsons' characterization of the state court judgment is doubtful, especially given the statement that "[t]hese factual findings are on the merits and not solely resulting from Defendants' failure to appear at trial." Regardless, collateral estoppel may apply, even when the judgment was obtained by default. *Stand Energy Corp. v. Ruyan,* 2005 WL 2249107, *2 (Ohio App.2005) ("A default judgment is a valid and final judgment upon the merits, and it can be, there-

---

7. Judgment at ¶ 9.

fore, a proper bar to later claims for purposes of claim preclusion."); *Staskus v. Gene Weiss' Place For Fitness*, 145 F.3d 1333 (6th Cir.1998) (citing *In re Calvert*, 105 F.3d 315 (6th Cir.1997)) (finding that in a dischargeability proceeding, "if the Ohio courts would give preclusive effect to the default judgment in this case, then this court is obligated under *Calvert* to do the same"); *In re Hoover*, 289 B.R. 340, 346 (Bankr.N.D.Ohio 2003). "[C]ourts of Ohio give preclusive effect to default judgments where there is an express adjudication of the issue." *Staskus v. Gene Weiss' Place For Fitness*, 145 F.3d at 1333 (citing *In re Brown*, 215 B.R. 844 (Bankr.E.D.Ky. 1998)); *In re Monas*, 309 B.R. at 306–07. In this case, the state court expressly found that a fraud had been committed upon Jaffe.

■■■ The Dawsons' second argument, that the Bankruptcy Court has exclusive jurisdiction to determine dischargeability under § 523(a)(2)(A), is misguided. The fact that this Court may give preclusive effect to the state court judgment does not mean that is deferring to the state court to determine dischargeability. In making a determination of whether a debt is dischargeable, the Court may give collateral estoppel effect to the state court judgment.

> In this case, a creditor who reduced his fraud claim to a valid and final judgment in a jurisdiction that requires proof of fraud by a preponderance of the evidence seeks to minimize additional litigation by invoking collateral estoppel. If the preponderance standard also governs the question of nondischargeability, a bankruptcy court could properly give collateral estoppel effect to those elements of the claim that are identical to the elements required for discharge and which were actually litigated and determined in the prior action.

*Grogan v. Garner*, 498 U.S. 279, 284, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

Finally, the Dawsons cite *Brown v. Felsen* for the proposition that "the bankruptcy court is not confined to a review of the judgment and record in the prior state-court proceedings when considering the dischargeability of respondent's debt." *Brown v. Felsen*, 442 U.S. 127, 138–39, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). In *Brown v. Felsen*, however, the Supreme Court specifically cautioned that

> This case concerns res judicata only, and not the narrower principle of collateral estoppel. Whereas res judicata forecloses all that which might have been litigated previously, collateral estoppel treats as final only those questions actually and necessarily decided in a prior suit. If, in the course of adjudicating a state-law question, a state court should determine factual issues using standards identical to those of § 17, then collateral estoppel, in the absence of countervailing statutory policy, would bar relitigation of those issues in the bankruptcy court.

> Because respondent does not contend that the state litigation actually and necessarily decided either fraud or any other question against petitioner, we need not and therefore do not decide whether a bankruptcy court adjudicating a § 17 question should give collateral-estoppel effect to a prior state judgment....

*Id.* at 139 n. 10, 99 S.Ct. 2205 (citations omitted). Further, the Dawsons do not offer any evidence for the Court to consider. The allegation that Jaffe's reliance, despite making prior loans, was "absolutely absurd" is self serving and without evidentiary support. Assuming, arguendo, that they were to be considered, they are certainly not sufficient to overcome summary judgment.

Therefore, Jaffe has met his burden of showing that the state court judgment is preclusive on the determination of dischargeability under § 523(a)(2)(A).

\* \* \* \*

Accordingly, the plaintiff's motion for summary judgment is well-premised and is hereby GRANTED. Each party is to bear its respective costs.

**IT IS SO ORDERED.**